Filed 12/16/24  P. v. Mosqueda CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MANUEL MOSQUEDA,<br><br>    Defendant and Appellant. | B333863<br><br>(Los Angeles County<br>Super. Ct. No. VA141231-02) |

APPEAL from an order of the Superior Court of Los Angeles County, Margaret Miller Bernal, Judge.  Reversed with directions.

Jonathan Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Nima Razfar and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In April 2017 Manuel Mosqueda pleaded no contest to attempted murder. He also admitted gang and weapon allegations.

In December 2022 Mosqueda petitioned the superior court to resentence him under Penal Code section 1172.6.[1] The superior court appointed counsel for Mosqueda, ordered the parties to submit briefs, and held a hearing. The court ruled Mosqueda was ineligible for resentencing as a matter of law and denied the petition without issuing an order to show cause. We reverse.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *Mosqueda and His Brother Attack Victims in a Car*

The testimony of the witnesses at the preliminary hearing was that Mosqueda, his brother, and several other Hispanic men drove up in three or four cars and boxed in a car with four people in it. Mosqueda, his brother, and some of the Hispanic men walked up to and surrounded the car and claimed they were from the South Side Whittier criminal street gang.

Mosqueda's brother went to the right side of the trapped car, pointed a revolver at the occupants, and struck two of the passengers in the head and face with the pistol. Mosqueda's brother also asked the occupants for their money and their cell phones. Mosqueda went to the left side of the car, broke the driver's side window, and stabbed the driver in the shoulder with a knife. One of the passengers shouted, "Let's get out of here,"

---

[1]     Statutory references are to the Penal Code.

and the driver accelerated and drove away, damaging his car in the process.

One of the victims knew and recognized Mosqueda and his brother from the neighborhood and identified them in six-pack photographic lineups. She identified Mosqueda as the one who broke the driver's side window and stabbed the driver.

B.     *Mosqueda Pleads No Contest to Attempted Murder*

The People charged Mosqueda and his brother with one count of attempted murder, one count of assault with a deadly weapon, multiple counts of assault with a firearm, and one count of attempted robbery. The People also charged Mosqueda with one count of vandalism (for breaking the car window). The People alleged various firearm and gang enhancements.

Mosqueda pleaded no contest to attempted murder. He also admitted that he committed the crime for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further or assist in criminal conduct by gang members, within the meaning of section 186.22, subdivision (b)(1), and that he used a deadly or dangerous weapon, within the meaning of section 12022, subdivision (b)(1). Counsel for Mosqueda (but not Mosqueda) stipulated to a factual basis for the plea "based on the police reports, information, and preliminary hearing transcript." The trial court sentenced Mosqueda to a prison term of 16 years, consisting of the lower term of five years, plus 10 years for the gang enhancement and one year for the weapon enhancement.

C.      *The Superior Court Summarily Denies Mosqueda's*
        *Petition for Resentencing Under Section 1172.6*

Mosqueda filed a petition for resentencing, which the superior court deemed a petition under section 1172.6.  The People filed an opposition, arguing the evidence from the preliminary hearing showed that Mosqueda was the only one who used a knife to stab the driver of the car and that there was "no evidence in the record that [anyone] other than . . . Mosqueda was the person who engaged in the use of the knife."  The People also argued that, by "admitting he personally used the knife, . . . Mosqueda necessarily admitted that he was the direct perpetrator who acted with malice because there is no evidence at the preliminary hearing supporting any other scenario."

The superior court denied the petition without issuing an order to show cause.  The court stated it had "read the preliminary hearing transcript, counsel's memorandum, as well as the plea transcript."  The court said it was basing its decision on the preliminary and plea hearing transcripts and the memoranda of counsel, as well as Mosqueda's "personal use of the knife, which was indicated not only by his plea, but the testimony of multiple witnesses in the preliminary hearing transcript."  The court stated Mosqueda "stabbed [the driver], and the [section] 1172.6 petition as to . . . Mosqueda is dismissed as a matter of law."  Mosqueda timely appealed.

## DISCUSSION

A.      *Applicable Law and Standard of Review*

Effective 2019, the Legislature substantially modified the law governing accomplice liability for murder by eliminating the

4

natural and probable consequences doctrine as a basis for finding a person guilty of murder and significantly narrowing the felony-murder exception to the malice requirement for murder. (*People v. Arellano* (2024) 16 Cal.5th 457, 467-468 (*Arellano*); *People v. Curiel* (2023) 15 Cal.5th 433, 449 (*Curiel*); see *People v. Strong* (2022) 13 Cal.5th 698, 707-708 [felony murder]; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843 [natural and probable consequences].)  Section 188, subdivision (a)(3), now prohibits imputing malice based solely on a person's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule.  (§§ 188, subd. (a)(3), 189, subd. (e); *Arellano*, at pp. 467-468; *Curiel*, at p. 449.)  Effective 2022, the Legislature amended section 1172.6 to apply to persons convicted of "attempted murder under the natural and probable consequences doctrine."  (§ 1172.6, subd. (a); see *People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3; *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 457.)

Section 1172.6 authorizes a person convicted of felony murder, murder under the natural and probable consequences doctrine, or attempted murder under the natural and probable consequences doctrine to petition the superior court to vacate the defendant's conviction and to resentence the defendant on any remaining counts if he or she could not now be convicted of murder or attempted murder because of the legislative changes to the definitions of murder.  (See *Arellano, supra*, 16 Cal.5th at pp. 468-469; *Curiel, supra*, 15 Cal.5th at pp. 449-450.)  If a section 1172.6 petition contains all the required information, the court must appoint counsel to represent the petitioner if requested.  (§ 1172.6, subd. (b)(1)(A), (b)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 962-963 (*Lewis*); *People v. Foley* (2023)

5

97 Cal.App.5th 653, 659.) The People must then file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie showing he or she is entitled to relief. (§ 1172.6, subd. (c).)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, ""'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.'"" (*Lewis*, *supra*, 11 Cal.5th at p. 971; see *Curiel*, *supra*, 15 Cal.5th at pp. 463-464.) The court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971; see *Curiel*, at pp. 463-464.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 972; see *People v. Gallardo* (2024) 105 Cal.App.5th 296, 301.) "'If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citation.] If, instead, the defendant has made a prima facie showing of entitlement to relief, "the court shall issue an order to show cause." (§ 1172.6, subd. (c).)'" (*Arellano*, *supra*, 16 Cal.5th at p. 469.) We review de novo an order denying a petition under section 1172.6 without issuing an order to show cause. (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1170; *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

6

B. *The Superior Court Erred in Denying Mosqueda's Petition Under Section 1172.6 Without Issuing an Order To Show Cause*

Mosqueda argues the superior court erred in summarily denying his petition by relying on testimony the People presented at the preliminary hearing. He contends the "superior court's reliance on evidence presented at [the] preliminary hearing in assessing whether his resentencing petition made a prima facie showing of eligibility for relief was inconsistent with the terms of the statute, which limits such an assessment to readily ascertainable facts in the record of conviction. In a plea case like this one, such facts are to be found in the charging document and the explicit terms of the plea agreement, including any admissions. Factfinding based on preliminary hearing evidence, as well as any new or additional evidence presented by the parties, and the resolution of crucial factual issues is reserved for the evidentiary hearing."

Acknowledging the law "is unsettled," the People argue the superior court "may properly consult the preliminary hearing transcript where the petitioner pleaded guilty or no contest in making the section 1172.6 prima facie inquiry to determine whether it is possible that the petitioner's conviction rested on any now-invalid legal theory." The People contend that here, at "the preliminary hearing, the evidence established that only one person used a knife and stabbed [the driver], and that no other person had a knife."

California appellate courts are divided on whether the superior court can consider a preliminary hearing transcript at the section 1172.6 prima facie stage. Some courts have said yes. (See, e.g., *People v. Mares* (2024) 99 Cal.App.5th 1158, 1167,

review granted May 1, 2024, S285232; *People v. Pickett* (2023) 93 Cal.App.5th 982, 990, review granted Oct. 11, 2023, S281643; *People v. Patton* (2023) 89 Cal.App.5th 649, 658, review granted June 28, 2023, S279670; *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1166-1167.)  Some courts have said no.  (See, e.g., *People v. Alazar* (2024) 105 Cal.App.5th 1100, 1106; *People v. Williams* (2024) 103 Cal.App.5th 375, 397-398, review granted Sept. 11, 2024, S286314; *People v. Estrada* (2024) 101 Cal.App.5th 328, 339; *People v. Flores* (2022) 76 Cal.App.5th 974, 991-992.)  The Supreme Court in *Patton* agreed to decide the issue.  Until then we agree with *Alazar, Williams, Estrada*, and *Flores* (except perhaps in the unusual situation where the defendant testifies at the preliminary hearing and states he or she was the actual killer or acted with malice) and conclude the superior court erred in denying Mosqueda's petition at the prima facie stage by considering the testimony at the preliminary hearing.

As the court in *People v. Williams*, *supra*, 103 Cal.App.5th 375, review granted, explained:  "At the preliminary hearing, the court may weigh the evidence and assess witness credibility, but it may not reject the prosecution's evidence 'unless the evidence is "'inherently implausible, the witnesses [have been] conclusively impeached, or the demeanor of the witnesses [is] so poor that no reasonable person would find them credible.'"' [Citation.]  Thus, the preliminary hearing generally offers the defense little incentive to present contrary evidence.  Moreover, at the preliminary hearing, the defense is limited to calling witnesses who, 'if believed, would be reasonably likely to establish an affirmative defense, negate an element of a crime charged, or impeach the testimony of a prosecution witness or the statement

of a declarant testified to by a prosecution witness.'" (*Id.* at p. 397.)

For these reasons, the court in *Williams* explained, "the preliminary hearing transcript does not conclusively establish a defendant's guilt, let alone any particular theory of guilt.  At most, the transcript and the court's holding order establish there is probable cause to believe a defendant committed the charged offense under at least one of the theories presented by the prosecution.  However, the preliminary hearing evidence does not limit the prosecution's trial strategy.  Even where the preliminary hearing evidence suggests the defendant is the actual perpetrator, an information containing a generic charge of murder or attempted murder would still permit the prosecution to proceed at trial under a felony murder, natural and probable consequences, or other imputed malice theory eliminated by" the legislative changes to the definition of murder.  (*People v. Williams*, *supra*, 103 Cal.App.5th at p. 398, review granted.)

The People suggest Mosqueda is ineligible for resentencing under section 1172.6 because he admitted he personally used a weapon, within the meaning of section 12022, subdivision (b)(1).  That admission, however, did not make Mosqueda ineligible for resentencing as a matter of law.  The defendant's "bare admission of the enhancement[ ] for personal use of a deadly weapon (§ 12022, subd. (b)(1)) [does] not establish that he acted with the intent to kill or refute that he was convicted on a theory of imputed malice. . . .   The enhancement[ ] alleged under section 12022, subdivision (b)(1), . . . require[s] only a general intent to use a deadly weapon . . . ."  (*People v. Estrada, supra,* 101 Cal.App.5th at p. 338; see *People v. Offley* (2020) 48 Cal.App.5th 588, 598 ["Because an enhancement under

9

section 12022.53, subdivision (d) does not require that the defendant acted either with the intent to kill or with conscious disregard to life, it does not establish that the defendant acted with malice aforethought."]; see also *People v. Saavedra* (2023) 96 Cal.App.5th 444, 449 [defendant's admission he "discharged a firearm into an occupied vehicle does not conclusively establish that he did so with actual malice or any particular mental state"].)

The superior court's order denying Mosqueda's petition under section 1172.6 was based primarily on the testimony of witnesses at the preliminary hearing. The superior court erred in relying on that testimony and the admission of the weapon allegation to find Mosqueda is ineligible for relief under section 1172.6 as a matter of law and denying his petition without issuing an order to show cause.

## DISPOSITION

The order is reversed. The superior court is directed to issue an order to show cause and conduct an evidentiary hearing under section 1172.6, subdivision (d).

SEGAL, J.

We concur:

MARTINEZ, P. J.          STONE, J.

10